UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 18-14370-CV-MIDDLEBROOKS
MAGISTRATE JUDGE REID

DAVID W. TALLEY,

      Petitioner,

v.

MARK S. INCH,

      Respondent.

_____/

## **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE ON PETITION FOR WRIT OF *HABEAS CORPUS***

### I.  Introduction

The *pro se* petitioner, **David Talley**, who is presently confined at the Polk Correctional Institution, has filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction and sentence, entered following a no contest plea in the Nineteenth Judicial Circuit, St. Lucie County, Case No. 2001-CF-001257A. [ECF No. 1].

This Cause has been referred to the undersigned for consideration and report, pursuant to 28 U.S.C. § 636(b)(1)(B), (c) and S.D. Fla. Admin. Order 2019-02. [ECF No. 2].

For its consideration of the petition [ECF No. 1], the court has received the state's response [ECF No. 10] to this court's order to show cause along with its supporting appendices [ECF Nos. 11, 12] and Petitioner's reply [ECF No. 13].

After reviewing the pleadings, for the reasons stated in this Report, the Undersigned recommends that the petition be DENIED because Petitioner is not entitled to relief on the merits.

## II. Factual and Procedural History

### A.    Plea and Direct Appeal

Petitioner was charged with high speed fleeing, reckless driving, aggravated assault on a law enforcement officer (two counts), battery on a law enforcement officer, aggravated battery on a law enforcement officer, and resisting an officer with violence. [ECF No. 11-1 at 11-12]. He entered a written plea of no contest to all charges. [*Id*. at 14-23].

At the change of plea hearing, Petitioner acknowledged he consulted with his attorney and understood the plea agreement. [ECF No. 12-1 at 5]. The court explained that the maximum sentence for the aggravated battery charge was thirty years. [*Id*. at 6]. He also understood that he could receive up to fifteen years on each of the aggravated assault, battery and high speed fleeing charges as well as five years on the resisting arrest charge. [*Id*.]. The court explained that Petitioner was "facing a lot of time and regardless of what is given to you, you cannot withdraw your plea."

2

[*Id*. at 7]. Petitioner acknowledged that he understood. [*Id*.]. Petitioner expressly waived sentencing before the judge taking his plea and requested that he be sentenced by Judge Vaughn. [*Id*.].

The state proffered a factual basis for the plea. [*Id*. at 8-9]. According to the proffer, Petitioner had been scheduled for a sentencing hearing in another case before Judge Vaugh on April 6, 2001. [*Id*. at 8]. A bench warrant was issued for his arrest and during an attempt to contact Petitioner he engaged law enforcement in a high speed chase during which several cars were forced off the road. [*Id*.]. When law enforcement attempted to stop his vehicle, Petitioner drove at an officer, during the chase two other officers were struck by Petitioner's vehicle. [*Id*.]. After Petitioner's vehicle was stopped he fought with the officer who tried to arrest him. [*Id*. at 9]. Counsel for Petitioner acknowledged there was a factual basis for the plea. [*Id*.].

The court found a factual basis for the plea and that the plea was freely and voluntarily entered. [*Id*. at 10].

At sentencing Petitioner withdrew his motion to dismiss counsel. [*Id*. at 12]. Counsel explained that he had reviewed the sentencing scoresheet with Petitioner. [*Id*. at 14]. The low end of the sentencing range was sixty-three months and the maximum sentence was 100 years. [*Id*.].

Counsel then provided a brief history of the case. [*Id*. at 14-17]. He explained that there had been an initial offer of fifteen years. [*Id*. at 14]. The assistant public

3

defender recommended that Petitioner reject the offer until discovery could be completed. [*Id*.]. Based on that advice, Petitioner rejected the offer. [*Id*.]. When counsel was appointed and reviewed the discovery he noted that Petitioner had attempted to commit suicide and counsel had a psychologist appointed. [*Id*. at 15]. The psychologist determined that although Petitioner had major depression he was competent. [*Id*. at 16]. Counsel the advised the court that the state had made an offer of twenty years' imprisonment and asked for a sentence between five and twenty years with a provision for drug treatment. [*Id*.].

Before announcing the sentence, the court noted that Petitioner had been previously adjudicated guilty in a burglary case, but the court had granted his request to be released with a promise to appear for sentencing. [*Id*. at 25-26]. The court then noted that Petitioner had not returned for sentencing, but rather had committed these additional crimes at the time he should have been in court for sentencing. [*Id*. at 26]. The court imposed consecutive maximum sentences on each count. [*Id*. at 28-29; ECF No. 11-1 at 30-42]. The total sentence was 100 years but did not include any reference to a mandatory minimum length to be served. [*Id*.].

On appeal Petitioner argued that the trial court committed fundamental error by accepting his plea without conducting an inquiry as to Petitioner's competence. [*Id*. at 46-59]. The state appellate court affirmed Petitioner's conviction. [*Id*. at 83]. Petitioner's *pro se* motion for rehearing was denied. [*Id*. at 85-89].

4

**B. Post-Conviction Proceedings**

Next, Petitioner filed a Motion to Correct Illegal Sentence arguing that his sentences were improperly made consecutive after being enhanced. [*Id*. at 103-105]. The motion was denied because his sentences were not the result of enhancement but reclassification which, under Florida law, were permitted to be consecutive. [*Id*. at 110-111]. On appeal Petitioner argued that the trial court erred in denying his motion because the stacking of the mandatory minimum sentences was prohibited. [*Id*. at 136-143]. The appellate court affirmed the denial of the motion. [*Id*. at 146-147]. The appellate court found that the consecutive sentences were legal because the statute prescribing the penalty did not resort to a separate enhancement statute. [*Id*. at 147]. Petitioner's motion for rehearing was denied. [*Id*. at 149-160].

Petitioner returned to the trial court and filed a Motion for Post-Conviction Relief. [*Id*. at164-187]. Relevant to the instant proceedings, Petitioner raised the following claims:

1. His plea was involuntary where neither the court nor counsel advised him of the mandatory minimum sentences he faced.

2. Counsel was ineffective for failing to obtain an expert or ensure that the trial made a finding of his competency to enter a plea.

[*Id*.]. In its response the state argued that the first claim should be denied because Petitioner was not prejudiced where neither the oral or written sentence included a provision for mandatory minimum terms. [*Id*. at 189]. The state argued that the

5

second claim should be denied as the record did not reflect a need for a competency determination. [*Id*. at 190]. The court summarily denied the two relevant claims but granted an evidentiary hearing on other claims. [*Id*. at 196-200]. After the evidentiary hearing the trial court made a factual finding that before entering his no-contest plea Petitioner had been advised by counsel of the maximum and minimum penalties and was aware he was facing considerably more than fifteen years on all the charges. [*Id*. at 203]. The court further found that subsequent counsel had conveyed a plea offer of twenty years which was rejected by the Petitioner. [*Id*. at 204]. Counsel's testimony that he advised Petitioner that he might receive less than twenty years but could receive substantially more was found to be credible.[*Id*.].

On appeal Petitioner argued, *inter alia*, that the trial court had erred by summarily denying: (1) his claim that his plea was involuntary where he was not advised of the mandatory minimum sentences; and (2) his claim that counsel was ineffective for failing to request a competency hearing. [*Id*. at 246-249]. The denial of the motion was affirmed on appeal. [*Id*. at 295].

Petitioner next filed a petition for writ of *habeas corpus* in the appellate court arguing that the court's decision was inconsistent with its prior precedent. [*Id*. at 310]. The appellate court summarily denied the petition. [*Id*. at 403]. The petition for *certiorari* review in the Florida Supreme Court was dismissed for lack of jurisdiction. [*Id*. at 415].

Petitioner returned again to the trial court, filing an "amended" motion for post-conviction relief. [*Id*. at 417-451]. The trial court struck the motion finding it to be both untimely and successive. [*Id*. at 454-457]. The appellate court affirmed. [*Id*. at 508].

Petitioner filed another motion for post-conviction relief in the trial court. [*Id*. at 512-535]. He alleged that newly discovered evidence would have resulted in an acquittal at trial and that his sentence was illegal. The trial court dismissed the motion as insufficiently pled, with leave to file an amended motion. [*Id*. at 555-557]. Petitioner filed an amended motion arguing, among other things, that his sentence was disproportionate in violation of the Eighth Amendment and that his sentence was illegal because the court failed to orally pronounce the mandatory minimum sentences. [*Id*.]. The court denied the Eighth Amendment Claim but found that Petitioner's sentence was illegal as the court had failed to impose the mandatory minimum sentence as required by law. [*Id*. at 634-636]. The order was affirmed on appeal. [*Id*. at 644]. On July 1, 2014, the trial court entered a modified sentence to include the mandatory minimum sentences. [*Id*. at 652].

Petitioner filed a motion to withdraw his plea, alleging that it was involuntary because he had not been advised of the mandatory minimum sentences or that the mandatory minimum sentences could be consecutive. [*Id*. at 657-666]. He also argued that counsel was ineffective for failing to correct these errors or advise him

of the consequences of his plea. [*Id*.]. The court denied the motion by adopting the state's argument that the claims were refuted by the record. [*Id*. at 679-683].

On appeal Petitioner argued that the trial court erred in denying his motion to withdraw his plea because he was not advised of the mandatory minimum sentences at the time he entered his plea. [*Id*. at 691-706]. The denial was affirmed. [*Id*. at 719]. The court denied the *pro se* motion for rehearing. [*Id*. at 726].

Petitioner next filed another petition for writ of *habeas corpus* in the appellate court. [*Id*. at 730-749]. He presented two claims that are relevant to this proceeding. He argued that the appellate counsel was ineffective for (1) failing to argue that the trial court erred by failing to appoint counsel to represent him on the motion to withdraw plea; and (2) failing to request a proportionality review of his sentence. [*Id*. at 738-747]. The court denied the petition after ordering a response from the state. [*Id*. at 775].

Petitioner once again returned to the trial court, this time filing a motion for reduction or modification of his sentence arguing his sentence was too severe and that he had been rehabilitated in prison. [*Id*. at 777-781]. The trial court summarily denied the motion. [*Id*. at 793].

Undeterred, Petitioner filed another motion for post-conviction relief in the state trial court. [*Id*. at 796-818]. He again challenged the voluntariness of his plea, arguing there was an inadequate inquiry into his understanding of the charges and

he was not advised of the direct consequences of his plea. [*Id*. at 800-805]. He also argued that counsel was ineffective for failing to communicate with him or adequately prepare for the resentencing. [*Id*. at 809-814]. Finally, he argued that counsel was ineffective for failing to ensure that the trial court conducted a competency hearing prior to resentencing. [*Id*. at 814-816]. The trial court denied the motion without a hearing. [*Id*. at 833-836]. The denial was affirmed on appeal. [*Id*. at 1098]. The appellate court denied Petitioner's motion for rehearing. [*Id*. at 1100-1105].

Petitioner then filed a petition for writ of *habeas corpus* in the state appellate court. [*Id*. at 1109-1118]. He argued that appellate counsel failed to argue that the trial court failed to conduct a competency hearing prior to resentencing. [*Id*. at 114-117]. The appellate court summarily denied the petition. [*Id*. at 1120]

### C. Instant Petition

Petitioner  presents the following claims for relief:

1. The state court's denial of Petitioner's motion to withdraw his plea violated his Fifth, Sixth and Fourteenth Amendments rights.

2. The state court's failure to appoint conflict free counsel to represent Petitioner at a critical stage of proceedings violated his Fifth, Sixth and Fourteenth Amendment rights.

3. Appellate counsel was ineffective for failing to request a proportionality review of Petitioner's 100 year sentence.

4. The state court's failure to conduct an adequate plea colloquy violated Petitioner's Fifth, Sixth and Fourteenth Amendment rights

and counsel was ineffective for failing to advise Petitioner of the direct consequences of his plea.

5. Trial counsel was ineffective where he failed to provide adequate assistance before, during, and after resentencing.

6. Trial counsel was ineffective for failing to object that the trial court failed to make a competency determination prior to accepting Petitioner's plea.

**7.** The cumulative effect of the errors denied Petitioner a fair trial.

### III.   Statute of Limitations

The state properly concedes that the petition was filed timely.

**Standard of Review**

A prisoner in state custody may not be granted a writ of *habeas corpus* for any claim that was adjudicated on the merits in state court unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" to the State court. 28 U.S.C. § 2254(d)(1), (2); *see Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Fugate v. Head*, 261 F.3d 1206, 1215-16 (11th Cir. 2001).

A state court decision is "contrary to" or an "unreasonable application of" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are

10

materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams*, 529 U.S. at 405-06. In the *habeas* context, clearly established federal law refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. *Hall v. Head*, 310 F.3d 683, 690 (11th Cir. 2002) (citing *Williams*, 529 U.S. at 412). However, in adjudicating a petitioner's claim, the state court does not need to cite Supreme Court decisions and the state court need not even be aware of the Supreme Court cases. *See Early v. Packer*, 537 U.S. 3, 8 (2002); *Parker v. Sec'y, Dep't of Corr.*, 331 F.3d 764, 775-76 (11th Cir. 2003).

So long as neither the reasoning nor the result of the state court decision contradicts Supreme Court decisions, the state court's decision will not be disturbed. *Id*. Further, a federal court must presume the correctness of the state court's factual findings unless the petitioner overcomes them by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001).

More recently, the U.S. Supreme Court in *Wilson v. Sellers*, ___ U.S.___, 138 S.Ct. 1188, 1194 (2018), concluded there is a "look through" presumption in federal *habeas corpus* law, as silence implies consent. *See also Kernan v. Hinojosa*, __ U.S. ___, 136 S.Ct. 1603, 1605-1606 (2016)(*per curiam*)(adopting the presumption that silence implies consent but refusing to impose an irrebuttable presumption). Where

11

the state court's adjudication on the merits of a claim is unaccompanied by an explanation:

> [T]he federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.

*Wilson v. Sellers*, 138 S.Ct. at 1192. In other words, if the last state court to decide a prisoner's federal claim provides an explanation for its merits-based decision in a reasoned opinion, "a federal *habeas* court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Id*. However, if the relevant state-court decision on the merits is not accompanied by a reasoned opinion, because it was summarily affirmed or denied, a federal court "should 'look through' the unexplained decision to the last state-court decision that does provide a relevant rationale." *Id*.

The presumption, however, may be rebutted by showing the state court's adjudication most likely relied on different grounds than the lower state court's reasoned decision, such as persuasive alternative grounds briefed or argued to the higher court or obvious in the record. *Id*. at 1192, 1196. "Where there are convincing grounds to believe the silent record had a different basis for its decision than the analysis followed by the previous court, the federal *habeas* court is free, as we have said, to find to the contrary." *Id*. at 1197.

Moreover, the Supreme Court repeatedly has admonished that "[t]he petitioner carries the burden of proof" and that the §2254(d)(1) standard is a high hurdle to overcome. *See Bobby v. Dixon*, 565 U.S. 23, 24 (2011)(quoting *Richter*, 560 U.S. at 102-103 (quotation marks omitted)); *Cullen v. Pinholster*, 563 U.S. 170, 180 131 (2011) (acknowledging that Section 2254(d) places a difficult burden of proof on the petitioner); *Renico*, 559 U.S. at 777 ("AEDPA prevents defendants - and federal courts - from using federal *habeas* corpus review as a vehicle to second-guess the reasonable decisions of state courts."); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)(Section 2254(d) "demands that state-court decisions be given the benefit of the doubt."). *See also Rimmer v. Sec'y, Fla. Dep't of Corr.*, 876 F.3d 1039, 1053 (11th Cir. 2017)(opining that to reach the level of an unreasonable application of federal law, the ruling must be objectively unreasonable, not merely wrong or even clear error).

Thus, state court decisions are afforded a strong presumption of deference even when the state court adjudicates a petitioner's claim summarily—without an accompanying statement of reasons. *Richter*, 560 U.S. at 96-100 (concluding that the summary nature of a state court's decision does not lessen the deference that it is due); *Gill v. Mecusker*, 633 F.3d 1272, 1288 (11th Cir. 2011) (acknowledging the well-settled principle that summary affirmances are presumed adjudicated on the merits and warrant deference, *citing Richter*, 560 U.S. at 100-101 and *Wright v.*

13

*Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir. 2002)). *See also Renico*, 559 U.S. at 773 ("AEDPA ... imposes a highly deferential standard for evaluating state-court rulings ... and demands that state-court decisions be given the benefit of the doubt." (citations and internal quotation marks omitted)).

Because the "AEDPA erects a formidable barrier to federal *habeas* relief for prisoners whose claims have been adjudicated in state court, *Burt v. Titlow*, 571 U.S. 12, 19 (2013), federal courts can "grant *habeas* relief only when a state court blundered in a manner so 'well understood and comprehended in existing law' and 'was so lacking in justification' that 'there is no possibility fair-minded jurists could disagree.'" *Tharpe v. Warden*, 834 F.3d 1323, 1338 (11th Cir. 2016). This standard is "meant to be" a "difficult" one to meet. *Richter* at 102.

The petitioner raises a several claims of ineffective assistance of counsel. The United States Supreme Court clearly established the law governing claims of ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a criminal defendant to show that: (1) counsel's performance was deficient and (2) the deficiency prejudiced him. *Id.* at 690. As to the first prong, deficient performance means performance outside the wide range of professionally competent assistance. *Id.* The judiciary's scrutiny of counsel's performance is highly deferential. *Id.* at 689.

14

As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. *Id*. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. *Id*.

A defendant must satisfy both the deficiency and prejudice prongs set forth in *Strickland* to obtain relief on an ineffective assistance of counsel claim. Failure to establish either prong is fatal and makes it unnecessary to consider the other. *Strickland*, 466 U.S. at 697.

Combining AEDPA's *habeas* standard and *Strickland*'s two-pronged test provides the relevant inquiry in this case. To obtain *habeas* relief, a petitioner must show the state court "applied *Strickland* to the facts of his case in an objectively unreasonable manner" when it rejected his claims of ineffective assistance of counsel. *Bell v. Cone*, 535 U.S. 685, 699 (2002).

## IV.    Discussion

### A. Trial Court Erred by Denying Petitioner's Motion to Withdraw Plea

In his first claim, Petitioner contends that the trial court violated his constitutional rights under the Fifth, Sixth and Fourteenth Amendments when it denied his motion withdraw plea. [ECF No. 1 at 6-7]. He argues that his plea was involuntary because the plea colloquy was inadequate. He alleges that he was not

15

advised of the nature of the offense and the direct consequence of the plea, namely that mandatory minimum sentences would be imposed.

This claim was presented in the state trial court. [ECF No. 11-1 at 657-666]. The state court denied the motion by adopting the state's response. [*Id*. at 679-683]. In its response, the state had argued that Petitioner had previously litigated the question of whether he had been advised of the minimum and maximum sentences and that this issue had been decided. [*Id*. at 668-670]. In denying the motion the state court found that the claims were refuted by the record because both of Petitioner's prior counsel had testified that he was advised of the minimum and maximum sentences. [*Id*. at 683]. The state court's finding that the claim was refuted by the record was reasonable as the record reflects that Petitioner had been advised of the potential sentences by counsel.

Additionally, in Florida "[w]here a motion to withdraw a plea occurs after sentencing, the appellant has the burden of proving that a manifest injustice has occurred." *Snodgrass v. State*, 837 So. 2d 507, 508 (Fla. 4th DCA 2003). Here the motion to withdraw plea was filed after Petitioner was resentenced. Therefore, he was required to establish a manifest injustice. This he could not do. Prior to entering his plea Petitioner had been advised of the minimum and maximum sentences that could be imposed. [ECF No. 12-3 at 34, 59]. Knowing his potential sentencing

16

exposure that could result from his plea, Petitioner voluntarily entered his plea. There was no manifest injustice and this claim was properly denied.

### B. Failure to Appoint Conflict Free Counsel

Petitioner next contends that the trial court violated his Fifth, Sixth and Fourteenth Amendment rights by failing to appoint conflict-free counsel to represent him on his motion to withdraw his plea. [ECF No. 1 at 10-11]. He argues that when counsel questioned whether he was to represent Petitioner on the motion to withdraw the plea the trial court should have appointed counsel to represent him on the motion rather than having Petitioner proceed *pro se*. He contends that the motion to withdraw the plea was a critical stage in his criminal proceedings and he had a right to be represented by counsel.

This claim was presented to the state court in the form of a petition for writ of *habeas corpus* alleging ineffective assistance of counsel. [*Id*. at 730-749]. The appellate court summarily denied the petition. [*Id*. at 775].

Under Florida law the failure to appoint conflict-free counsel to represent a defendant on a motion to withdraw his guilty plea can be harmless error where the defendant's allegations are conclusively refuted by the record. *See Nelfard v. State*, 34 So.3d 221, 223 (Fla. 4th DCA 2010). "The trial court is not required to appoint conflict-free counsel unless *both* an adversary relationship exists *and* the defendant's allegations are not conclusively refuted by the record." *Id*. (emphasis in original).

17

Here, the state trial court found that Petitioner's allegation that he was not advised of the potential minimum and maximum sentences was refuted by the record, therefore there was no need to appoint conflict free counsel. Even if counsel had raised this issue on appeal it would not have been successful because any error was harmless. Counsel is not ineffective for failing to pursue a non-meritorious issue. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001).

**C. Appellate Counsel's Failure to Request Proportionality Review**

In his third claim, Petitioner argues that appellate counsel should have requested proportionality review of his sentence. [ECF No. 1 at 13]. He contends that such review had a reasonable chance of resulting in a reversal of his sentence under the Eighth Amendment. In support of this argument, Petitioner points to a concurring opinion in *Alfonso-Roche v. State*, 199 So. 3d 941 (4th DCA 2016).

In *Alfonso-Roche*, the Fourth DCA found that because the sentence fell within the statutory limits it must affirm. *Id*. at 945. However, the court certified a question of great public importance, asking the Florida Supreme Court whether "a sentence within the statutory maximum under the Criminal Punishment Code violate[s] either the Due Process Clause or the Eighth Amendment when it is significantly greater than the lowest permissible sentence on the defendant's scoresheet or the offered plea and grossly disproportionate to the median sentence imposed for similar crimes

within the jurisdiction?" *Id*. at 946. The Florida Supreme Court declined to exercise jurisdiction. *State v. Alfonso-Roche*, 2016 WL 3271912 (Fla. 2016).

Petitioner's reliance on *Alfonso-Roche* is misplaced. As the court in that case found, where the sentence falls within the statutory limits it will be affirmed. Therefore, even if counsel had raised a proportionality argument, there is no reasonable likelihood that the court would have reversed Petitioner's sentence. Since counsel cannot be ineffective for failing to pursue a meritless argument, this claim should be denied.

### D. Inadequacy of Plea Colloquy

In his next claim, Petitioner again contends that the trial court's plea colloquy was inadequate where the court failed to inform him of mandatory minimum sentences associated with three of the counts. [ECF No. 1 at 16-17]. He argues that because he was not so advised his plea was involuntary. Petitioner also argues that counsel was ineffective for failing to advise him of the nature of the charges and the direct consequences of entering his plea. He alleges that if he had been advised of the mandatory minimum sentences he would have elected to proceed to trial.

This claim has been repeatedly raised in state court. The court, after conducting an evidentiary hearing, has found that Petitioner was advised by two different attorneys of the minimum and maximum sentences that could be imposed. The state court's factual findings are supported by the record. At the evidentiary

hearing Petitioner's first attorney testified he had advised Petitioner of the minimum and maximum potential sentences and his second attorney testified that he advised Petitioner of the maximum sentence he could receive. [ECF No. 12-3 at 34, 59]. Since the state court's factual findings are reasonable and supported by the record, this claim should be denied. Furthermore, Petitioner has not shown that it is unreasonable to conclude that when he entered his plea knowing he faced a potential sentence of 100 years, he would have foregone his plea if he had known that the minimum sentence was thirteen years.

### E. Counsel Performance at Resentencing

Petitioner next argues that the attorney who was appointed to represent him at resentencing was ineffective. [ECF No. 1 at 19-20]. He alleges that counsel only communicated with him once prior to resentencing and then only met with him for three minutes immediately prior to resentencing. Petitioner contends that the failure of counsel to meet with him left counsel unprepared to properly represent him. Petitioner alleges that his resentencing was not a ministerial act. [ECF No. 11-1 at 813].

This claim was raised in a motion for post-conviction relief. [ECF No. 11-1 at 796-818]. The state trial court denied the claim, finding that counsel had only been appointed to represent Petitioner for the resentencing. [*Id*. at 835]. The court found that Petitioner could not establish prejudice. [*Id*.].

The state court's finding that there was no prejudice was not contrary to, or an unreasonable application of, controlling Supreme Court precedent. Contrary to Petitioner's contention, the resentencing in this case, where the mandatory minimum sentences were announced, was purely ministerial. *See e.g. Pineirocaban v. State*, 224 So.3d 777 (Fla. 5th DCA 2017)(finding that imposition of mandatory minimum was not discretionary and that act of resentencing to impose mandatory minimum was ministerial). In the instant case, the state trial court merely imposed the statutorily mandated minimum sentences. Since this act was ministerial, Petitioner could not establish that he was prejudiced by counsel's alleged failure to prepare. The state court's finding that there was no prejudice was not contrary to, or an unreasonable application of, *Strickland's* test for ineffective assistance of counsel.

## F. Counsel's Failure to Object to Court not Making a Finding of Competence

In his sixth claim, Petitioner argues that counsel should have objected when the court failed to hold a competency hearing. [ECF No. 1 at 21-23]. He alleges that the court had reasonable grounds to question Petitioner's competency where the court had previously appointed an expert to examine Petitioner. He contends that counsel should have objected at the time Petitioner's plea was entered and again at the time of resentencing. Petitioner believes that if either counsel had objected the outcome of the proceedings would have been different.

This claim is without merit. Although Petitioner argues that counsel should have insisted on a competency determination, the record reflects that Petitioner had been examined by a psychologist and found to be competent. There was no basis for the court to conduct a further hearing or make an independent finding of competency. Counsel cannot be ineffective for failing to pursue a non-meritorious claim.

### G. Cumulative Error

In his final claim Petitioner contends that the cumulative errors of the trial court denied him his right to a fair trial. [ECF No. 1 at 24-26]. Since there were no errors, there is no cumulative effect that would have denied Petitioner a fair trial. *See United States v. Barshov*, 733 F.2d 842, 852 (11th Cir.1984) ("Without harmful errors, there can be no cumulative effect compelling reversal."). Therefore, in the absence of any individual instance of constitutional error, the movant's claim of cumulative effect errors should be denied.

## VII. Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." A timely notice of appeal

must still be filed, even if the court issues a certificate of appealability. Rules Governing §2254 Proceedings, Rule 11(b), 28 U.S.C. foll. §2254.

After review of the record, Petitioner is not entitled to a certificate of appealability. "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). *See also Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because the claims raised are clearly without merit, Petitioner cannot satisfy the *Slack* test.

As now provided by Rules Governing § 2254 Proceedings, Rule 11(a), 28 U.S.C. foll. § 2254: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## VIII. Conclusion

Based upon the foregoing, it is recommended that this petition for writ of *habeas corpus* be denied, that Petitioner's Motion for Report and Recommendation

and/or Status Hearing [ECF No. 24] be denied as moot, and that no Certificate of Appealability issue and the case be closed.

Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the court. Failure to do so will bar a *de novo* determination by the District Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 149 (1985).

SIGNED this 5th day of August, 2020.

UNITED STATES MAGISTRATE JUDGE

cc:    David W. Talley
        110866
        Polk Correctional Institution
        Inmate Mail/Parcels
        10800 Evans Road
        Polk City, FL 33868
        *PRO SE*

        Melanie Dale Surber
        Attorney General Office
        1515 N Flagler Drive
        9th Floor
        West Palm Beach, FL 33401-3432
        Email: crimappwpb@myfloridalegal.com