# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-14370-CIV-MIDDLEBROOKS/Reid

DAVID W. TALLEY,

    Petitioner,

v.

MARK S. INCH,

    Respondent.

_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE

THIS CAUSE comes before the Court on Magistrate Judge Lisette Reid's Report (DE 26) recommending denial of David Talley's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (DE 1).  I have reviewed the Report (DE 26), Mr. Talley's objections (DE 31), as well as the Petition (DE 1), Response (DE 10), and Reply (DE 13).

One aspect of this case is troubling. While Mr. Talley's crimes were serious, his sentence was harsh.

While awaiting sentencing for a burglary charge, Mr. Talley failed to appear and a bench warrant was issued. When law enforcement approached Mr. Talley, he fled. Officers engaged in a high-speed chase in which cars were forced from the road, Mr. Talley drove at an officer, and two other officers were struck by Mr. Talley's vehicle. After he was stopped, Mr. Talley fought with the officer who tried to arrest him.

Mr. Talley pled no contest to charges of high-speed fleeing, reckless driving, aggravated assault on a law enforcement officer (two counts), battery on a law enforcement officer, aggravated battery on a law enforcement officer, and resisting an officer with violence. Mr. Talley was sentenced to 100 years, the statutory maximum for each of the charges, ordered to run

consecutively. His conviction and sentence were affirmed without comment, and all of his state post-conviction challenges ended with *per curiam* affirmances.

In his third claim in this § 2254 petition, Mr. Talley argues his appellate counsel should have requested proportionality review of his sentence. He points to Judge Gross's concurrence in *Alfons-Roch v. State,* 199 So. 3d 941 (4th DCA 2016). While I agree with Judge Gross's observations, his concurrence recognized that under current Florida law a sentencing judge has unlimited discretion to sentence a defendant to the maximum term set by the legislature for a particular crime. Moreover, this is a habeas case and the Supreme Court's "clearly established" Eighth Amendment prohibitions against cruel and unusual punishment leaves state courts with considerable leeway. *See Lockyer v. Andrade,* 123 S. Ct. 1166 (2003). Even if the proportionality issue had been properly framed in this habeas petition, which it was not, I see no path for Mr. Talley to obtain relief.

Therefore, upon careful review, I agree with Judge Reid's conclusions and find that the reasoning set forth in her Report is accurate and thorough.

Further, I find that Mr. Talley has failed to make "a substantial showing of the denial of a constitutional right" sufficient to support the issuance of a Certificate of Appealability. *See* 28 U.S.C. § 2253.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Petitioner David Talley's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (DE 1) is **DENIED.**

(2) Mr. Talley's Objections to the Magistrate's Report (DE 31) are **OVERRULED**.

(3) Magistrate Judge Reid's Report (DE 26) is hereby **ADOPTED**.

(4) A Certificate of Appealability is **DENIED**.

(5) Final judgment will be entered by separate Order.

**SIGNED** in Chambers in West Palm Beach, Florida, this 30th day of March, 2021.

Donald M. Middlebrooks
United States District Judge

Copies to:  Magistrate Judge Lisette Reid;
Counsel of record;
David W. Talley, PRO SE
110866
Polk Correctional Institution
Inmate Mail/Parcels
10800 Evans Road
Polk City, FL 33868